UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEWAYNE HIGDON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   CAUSE NO. 1:04-CV-00064 |
| | ) |
| WELLS COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

Before the Court is Plaintiff Dewayne Higdon's motion to amend his complaint, together with two forms of the proposed amended complaint. (*See* Docket # 68, 72, 75.) For the reasons provided herein, Higdon's motion to amend will be taken under further consideration by the Court, and Higdon shall have through May 2, 2005, to supplement his prior filings in support of his motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 14, 2004, Higdon filed a complaint alleging that the defendants violated his civil rights under the Fourth and Fifth Amendments when his home was searched and his personal property confiscated. (Docket # 4.) The parties participated in a planning meeting on November 17, 2004, and a preliminary pretrial conference on December 8, 2004, whereby a deadline of March 1, 2005, was established for any amendments to the pleadings by Higdon.[1]

---

[1] The Court dismissed defendant Michael Lautzenheiser from the case on December 12, 2004. (Docket # 55.)

(Docket # 53, 54.)

On March 1, 2005, Higdon mailed (via U.S. Mail) a motion to amend his complaint (the "Motion"), seeking leave to add Ferrell Swindell of the Bluffton Police Department as a defendant, but neglected to include a copy of the proposed amended complaint. (*See* Docket # 68.) The motion was received and filed by the clerk's office on March 2, 2005. (*Id*.) The Court took the motion under advisement, ordering Higdon to file a copy of the proposed amended complaint within ten days so that it could ascertain whether it was appropriate to add Swindell. (Docket # 69.)  On March 14, 2005, Higdon filed a form of proposed amended complaint (the "First Proposed Complaint"), which identified Swindell as a named defendant but failed to include him in the body of the complaint. (Docket # 72.) On March 18, 2005, Higdon filed yet another form of proposed amended complaint (the "Second Proposed Complaint"), which included Swindell in the body of the complaint and also asserted Eighth and Fourteenth Amendment claims - claims not expressly referenced in Higdon's original complaint, the Motion, or the First Proposed Complaint. (Docket # 75.) All of the defendants filed answers to the First Proposed Complaint, and defendants Wells County Sheriff's Department, Ryan Mounsey and Randy Steele answered the Second Proposed Complaint. (*See* Docket # 78, 79, 83.)

However, defendants Bluffton Police Department, Greg Steele, Kyle Randall and Brent Archbold[2] request that the Court deny Higdon's motion to amend and strike both the First Proposed Complaint and the Second Proposed Complaint, as well as their own answer to the First Proposed Complaint, contending that (1) the First Proposed Complaint fails to assert a

---

[2]Ferrell Swindell was also listed among the defendants who filed the response brief.

claim against Swindell; and (2) the Second Proposed Complaint (A) was filed without obtaining leave of the Court in violation of L.R. 15.1, (B) was untimely filed under the deadline set forth in the Court's March 4 Order, and (C) does not relate back to his Motion because it adds the Eighth and Fourteenth Amendment claims. (Docket # 81.)

### STANDARD ON MOTION TO AMEND PLEADINGS

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Rule 16, because "[o]nce the district court [has] filed a pretrial scheduling order pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's standards [control]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Kortum v. Raffles Holdings, Ltd.*, 2002 WL 31455994, *3 (N.D. Ill. Oct. 30, 2002); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995). Rule 16 provides in part:

> (b) [The district court] . . . shall, after receiving the report from the parties under Rule 26(f)[,] . . . enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings; (2) to file and hear motions; and (3) to complete discovery . . . . A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

Fed. R. Civ. P. 16(b). Thus, a party seeking to amend a pleading after the date specified in a

scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Tschantz*, 160 F.R.D. at 571. "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id.* (quoting *Johnson*, 975 F.2d at 609). Rather, the good cause standard focuses on the diligence of the party seeking the amendment. *Id*. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id.*

## DISCUSSION

Here, Higdon asserts that his Motion should be granted because it was timely filed "before the April 1st deadline set by the court in the planning meeting in December 2004." (Resp. to Defs.' Mot. to Strike Pl.'s Proposed Am. Compl. of March 2, March 14 and March 18, 2005 at 2.) However, Higdon is mistaken in his dates; his deadline for filing amendments to pleadings was March 1, 2005, not April 1. Higdon's Motion, therefore, was untimely filed under the schedule agreed to by the parties.

While Higdon's Motion was postmarked as of March 1, 2005, it was received by the clerk's office for filing on March 2, 2005, i.e., a date *after* the deadline.

> Where a filing deadline is specified by the court, papers to be filed must reach the clerk's office by the deadline date. When a party mails papers to the clerk's office, filing is complete when the papers are received by the clerk or placed in the clerk's post office box. Papers arriving after a deadline are untimely even if mailed before the deadline.

*Faust v. Anderson*, 52 F. Supp. 2d 930, 934-34 (N.D. Ind. 1999). Hence, because Higdon filed his Motion, as well as the First Proposed Complaint and the Second Proposed Complaint, after the deadline set forth in the schedule, he must show "good cause" to amend his pleading under

4

Rule 16(b). *See* Fed. R. Civ. P. 16(b); *see also Tschantz*, 160 F.R.D. at 571 (stating that to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met).

In light of Higdon's misunderstanding of the deadline for amendments to his pleadings, the Court hereby grants Higdon until May 2, 2005, to supplement his prior filings in order to give Higdon ample opportunity to show the necessary "good cause" required under Rule 16(b). For clarity, the Court hereby deems the Second Proposed Complaint to be the sole form of proposed amended complaint at issue.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion to amend his complaint (Docket # 68) in such form as filed on March 18, 2005 (Docket # 75), is taken under further consideration by the Court, and Plaintiff shall have through May 2, 2005, to supplement his prior filings in support of his motion.

Enter for April 20, 2005.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge