UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEWAYNE HIGDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.  1:04-CV-00064 |
| | ) |
| WELLS COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff Dewayne Higdon's motion to amend his complaint (Docket # 68) in the form of the proposed amended complaint submitted on March 18, 2005 (Docket # 75).  For the reasons provided herein, Higdon's motion to amend will be granted.

### FACTUAL AND PROCEDURAL BACKGROUND

On September 14, 2004, Higdon filed a complaint alleging that the Defendants violated his civil rights under the Fourth and Fifth Amendments when his home was searched and his personal property confiscated. (Docket # 4.)  The parties participated in a planning meeting on November 17, 2004, and a preliminary pretrial conference on December 8, 2004, whereby a deadline of March 1, 2005, was established for any amendments to the pleadings by Higdon. (Docket # 53, 54.)

On March 1, 2005, Higdon mailed (via U.S. Mail) a motion to amend his complaint, seeking leave to add Ferrell Swindell of the Bluffton Police Department as a defendant, but neglected to include a copy of the proposed amended complaint. (*See* Docket # 68.) The motion was received and filed by the clerk's office on March 2, 2005. (*Id*.) The Court took the motion

under advisement, ordering Higdon to file a copy of the proposed amended complaint within ten days so that it could ascertain whether it was appropriate to add Swindell. (Docket # 69.)  On March 14, 2005, Higdon filed a proposed amended complaint (the "First Proposed Complaint"), which identified Swindell as a named defendant but failed to include him in the body of the complaint. (Docket # 72.) On March 18, 2005, Higdon filed yet another proposed amended complaint (the "Second Proposed Complaint"), which included Swindell in the body of the complaint and also asserted Eighth and Fourteenth Amendment claims - claims not expressly referenced in Higdon's original complaint, the motion to amend, or the First Proposed Complaint. (Docket # 75.) All of the Defendants filed answers to the First Proposed Complaint, and Defendants Wells County Sheriff's Department, Ryan Mounsey, and Randy Steele answered the Second Proposed Complaint. (*See* Docket # 78, 79, 83.)

However, Defendants Bluffton Police Department, Greg Steele, Kyle Randall, and Brent Archbold request that the Court deny Higdon's motion to amend and strike both the First Proposed Complaint and the Second Proposed Complaint, as well as their own answer to the First Proposed Complaint.[1]  They contend that (1) the First Proposed Complaint fails to assert a claim against Swindell; and (2) the Second Proposed Complaint was filed without obtaining leave of the Court in violation of Local Rule 15.1, and was untimely under the deadline set forth in the Court's March 4 Order. (Docket # 81.)

---

[1] Ferrell Swindell was also listed among the defendants who filed the response brief, even though he is not yet a party.

**STANDARD ON MOTION TO AMEND PLEADINGS**

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  Leave to amend is freely given when justice so requires.  *Id.*  However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements of Rule 16, because "[o]nce the district court [has] filed a pretrial scheduling order pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's standards [control]."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Kortum v. Raffles Holdings, Ltd.*, 2002 WL 31455994, *3 (N.D. Ill. Oct. 30, 2002); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995).  Rule 16 provides in part:

> (b) [The district court] . . . shall, after receiving the report from the parties under Rule 26(f)[,] . . . enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings; (2) to file and hear motions; and (3) to complete discovery . . . .  A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

Fed. R. Civ. P. 16(b).  Thus, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15.  *Tschantz*, 160 F.R.D. at 571.  "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15."  *Id.* (quoting *Johnson*, 975 F.2d

3

at 609). Rather, the good cause standard focuses on the diligence of the party seeking the amendment. *Id*. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id.*

## DISCUSSION

As discussed in the Court's Order dated April 20, 2005, Higdon's motion to amend was filed on March 2, 2005, the day *after* his deadline for amendments to the pleadings. Higdon contends, however, that his motion should be granted because (1) he had good cause for missing the filing deadline by one day, and (2) Swindell is a proper defendant in the case.

To show good cause under Rule 16(b) for his tardiness, Higdon explains that he suffers from a serious heart condition and takes medication daily which often causes him to feel ill and immobile. (Docket # 91.) When he experiences these side effects, he has difficulty driving. (*Id*.) On March 1, Higdon set out on the forty-mile trip to the clerk's office to file his motion to amend in person (as was his custom), when he became suddenly ill and had to return home. (*Id*.) He then placed his motion in the mail, causing it to arrive at the clerk's office on March 2, one day after the deadline. (*Id*.)

Higdon's attempt to show good cause under Rule 16(b) falls short. The Seventh Circuit has stated that "in order to demonstrate good cause, a party must show that despite their diligence the time table could not have reasonably been met." *Tschantz*, 160 F.R.D. at 571 (internal quotation marks omitted). Here, Higdon was fully aware of his health concerns and the medication's side effects, yet he waited until the last day to amend his pleadings when he had to drive forty miles to do so. This is simply lack of diligence and poor planning on Higdon's part in light of his chronic health condition, and fails to constitute good cause under Rule 16(b).

4

Nevertheless, while Rule 16(b) addresses the specific deadline for joining parties or amending the pleadings, Rule 6(b) provides a more general standard for extension of most deadlines, whether specified in the Rules or set by court order.  The Court has "substantial discretion in granting or denying enlargements of time under Fed. R. Civ. P. 6(b)." *Reales v. Consol. Rail Corp.,* 84 F.3d 993, 996 (7th Cir. 1996).  If a request is made for an extension of time after the deadline passes, the court may extend the deadline "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b).

> Excusable neglect is somewhat of an elastic concept, which at bottom is an equitable one, taking account of all relevant circumstances surrounding the party's omission.  Thus, in assessing excusable neglect and the relevant circumstances, the Court should consider the danger of prejudice to the non-movant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Doe v. City of Marion, Ind.*, 2002 WL 32072793, at *1 (N.D. Ind. 2002) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc., Ltd. P'ship*, 507 U.S. 380, 392, 395 (1993)) (internal quotation marks omitted).

Considering the relevant factors in turn, excusable neglect is evident here. First, it is clear there is no danger of prejudice to the Defendants since, as discussed *supra*, each has already filed an answer to the First Proposed Complaint, and Higdon's claims against Swindell mirror the claims against the other Defendants. Second, Higdon filed the motion just one day after his deadline, causing no material impact on the judicial proceedings. Third, Higdon cited his poor health and his inability to drive to the clerk's office as the reason for the delay, which as stated *supra*, the Court does not find extremely persuasive since Higdon's health concerns were reasonably foreseeable.  However, there is no evidence to indicate that Higdon was acting in bad

5

faith, and this is Higdon's first motion to amend his complaint.  Furthermore, the Court must view the *pro se* complaint with an understanding eye, and take appropriate measures to permit the adjudication of a *pro se* claim on the merits, rather than to dismiss it on technical grounds. *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996).  Therefore, upon assessing all of the relevant circumstances surrounding Higdon's omission, the Court finds that Higdon's one-day delay constitutes excusable neglect and, thus, his motion to amend will be considered under Rule 15(a).[2]

In support of his Rule 15(a) argument, Higdon asserts that Swindell is a proper defendant because he was present on behalf of the Bluffton Police Department at the events described in the original complaint, but his identity only later became known to Higdon through discovery. Higdon further contends that leave to amend to add Swindell as a defendant should be "freely given" as no reason, such as undue delay, bad faith, dilatory motive, prejudice, or futility, is apparent here to justify denying Higdon's amendment under Rule 15(a).  *See* Fed. R. Civ. P. 15(a); *Trustmark,* 347 F.3d at 655.

Higdon's arguments have merit.  First, Higdon's motion to amend was filed just one day after the deadline for amendments to his pleadings, prior to the close of discovery and the filing of any motion for summary judgment.  *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995) (stating that the Seventh Circuit has uniformly advised "that a plaintiff's leave to amend, when filed after discovery has been closed and after a defendant's motion for summary judgment has been filed, is considered unduly delayed and prejudicial").  Furthermore, since

---

[2]Defendants also argue that Higdon did not comply with Local Rule 15.1 when filing his motion to amend, since he failed to attach the proposed amendment.  While Local Rule 15.1 does require that the plaintiff attach the proposed amendment to the motion, it also states that a failure to comply with the rule is not grounds for denial of the motion. Therefore, the Court finds Defendants' argument unpersuasive.

Higdon has discovered facts that cause him to believe Swindell was present at the alleged search of his home, it is unreasonable to infer a motivation of bad faith, dilatory motive, or futility in his effort to amend his pleading.  Moreover, all of the Defendants, including Swindell, filed an answer to the First Amended Complaint prior to filing a motion to strike it, which serves to undercut any argument of prejudice by Defendants. Also, the Court has a special responsibility to construe a *pro se* complaint liberally and allow ample opportunity for amending a complaint when it appears that by doing so a *pro se* litigant would be able to state a meritorious claim.  *Donald*, 95 F.3d at 555; *see also In re Schultz Mfg. & Fabricating Co., Inc.*, 110 B.R. 384, 388 (N.D. Ind. 1990) (emphasizing that the district court has an obligation to ensure that a *pro se* litigant is given fair and meaningful consideration of all claims presented).  Therefore, the Court finds that Higdon's motion to amend his complaint in the form of the Second Proposed Complaint passes Rule 15(a) muster, and it will be granted.[3]

## CONCLUSION

For the reasons stated herein, Plaintiff's motion to amend his complaint (Docket # 68) is hereby GRANTED in such form as proposed by Plaintiff on March 18, 2005 (Docket # 75), and the clerk is directed to enter such form of proposed complaint in the record as Plaintiff's amended complaint.[4]  Defendants Bluffton Police Department, Greg Steele, Kyle Randall, Brent Archbold, and Ferrell Swindell shall file an answer to Plaintiff's amended complaint, while the

---

[3] Higdon also moves to amend his complaint to assert two additional constitutional theories (Eighth and Fourteenth Amendment violations) that arise from the facts set forth in his original complaint.  However, this is of no real consequence as "[t]he only function the pleadings must serve is to give notice of the claim; the development of legal theories and the correlation of facts to theory come later in the process." *Adams v. Jackson*, 218 F. Supp. 2d 10016, 1012 (N.D. Ind. 2002).

[4] Plaintiff also shall cause summons to be served on Swindell, and Swindell shall cause his counsel to file an appearance on his behalf.

Court deems the answer filed by Defendants Wells County Sheriff's Department, Ryan Mounsey, and Randy Steele on April 4, 2005 (Docket # 83), to be such Defendants' answer to Plaintiff's amended complaint.[5]

SO ORDERED.

Enter for May 2, 2005.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[5] Defendants' motions to strike (Docket # 81) the First Proposed Complaint and the answer to the First Proposed Complaint filed by such Defendants are hereby DENIED as MOOT, and Defendants' motion to strike (Docket # 81) Plaintiff's Second Proposed Complaint is hereby DENIED.