UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEWAYNE HIGDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:04-CV-64 TS |
| | ) | |
| RYAN MOUNSEY, RANDY STEELE, | ) | |
| GREG STEELE, KYLE RANDALL, | ) | |
| BRENT ARCHBOLD and FERRELL | ) | |
| SWINDELL, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiff, Dewayne Higdon, sued the Defendants, Ryan Mounsey, Randy Steele, Greg Steele, Kyle Randall, Brent Archbold, and Ferrell Swindell, alleging that they violated his constitutional rights by entering and searching his home. At the outset of the suit, the Court granted the Plaintiff leave to proceed in forma pauperis. (*See* DE 3.)

The case culminated in trial before a jury who found for the Defendants and against the Plaintiff. On January 4, 2007, the Plaintiff filed a notice of appeal from the final judgment and a motion to proceed on appeal in forma pauperis. He also filed a motion to set aside the verdict and declare a mistrial.[1] For the reasons stated below, the motions will be denied.

**A.      Motion to Proceed on Appeal in Forma Pauperis**

The Plaintiff's motion to proceed on appeal in forma pauperis is unnecessary:

A party who was permitted to proceed in forma pauperis in the district-court

---

[1] The Plaintiff moved on this subject in two separate but identical filings. *See* De 184 and 189.

> action . . . may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Fed. R. App. P 24(a)(3). Since the Plaintiff had been previously approved for an in forma pauperis status and since the Court has not expressed any opinion regarding the merits of his appeal, he may proceed on appeal in forma pauperis without further leave from this Court.

### B.  Motion to Set Aside Verdict and Declare Mistrial

The Court has no jurisdiction to address the Plaintiff's motion to set aside verdict and declare a mistrial. Once the Plaintiff filed his notice of appeal, the Court's jurisdiction over this case ceased:

> It is well settled that filing a notice of appeal from a district court's judgment vests jurisdiction over the cause appealed in the court of appeals. Thereafter, the trial court has no power to modify its judgment or take other action affecting the cause without permission of the appellate tribunal, except insofar as jurisdiction is expressly reserved in the district court by statute or the Federal Rules of Civil Procedure, 28 U.S.C.A., to act in aid of the appeal.

*In re Federal Facilities Realty Trust*, 227 F.2d 651, 653–654 (7th Cir. 1955). Since the Court has not reserved jurisdiction for this case in any manner, it has no authority to decide the Plaintiff's motion.

### C.  Order

The Court denies the Plaintiff's motions to proceed on appeal in forma pauperis as moot (DE 183).  In addition, the Court dismisses the Plaintiff's motions to set aside verdict and declare

mistrial as it no longer has jurisdiction over this case (DE 184 and 189). The Plaintiff is advised to take up all matters in this case with the Court of Appeals for the Seventh Circuit.

SO ORDERED on January 9, 2007.

      S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT